# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NATALIE MILLER** and **STUART MILLER**, | )<br>)<br>) Case No.: 2018 CV 3803 |
| Plaintiffs, | )<br>) Judge: |
| -vs- | )<br>) Magistrate Judge: |
| **TARGET CORPORATION** d/b/a **TARGET STORES**, | )<br>)<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq. and 28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Lake County, Cause No.: 2018 L 311, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On or about April 24, 2018, Plaintiffs, Natalie Miller and Stuart Miller initiated the above captioned lawsuit by the filing of a Complaint entitled *Natalie Miller and Stuart Miller v. Target Corporation, d/b/a Target Stores,* Docket No. 2018 L 311, in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. A copy of the Complaint at Law is attached hereto as Exhibit "A", and incorporated herein by reference.

3. On or about April 24, 2018, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.

3. Service was obtained on Target Corporation's registered agent on May 1, 2018.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiffs, Natalie Miller and Stuart Miller, at the time the lawsuit was commenced and at all relevant times, have been residents and citizens of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiffs' Complaint herein, the amount of damages sought in this action by Plaintiffs is in an amount in excess of the Court's minimal jurisdictional limit of $50,000.00. Plaintiff, Natalie Miller, claims to have suffered permanent injuries, including pain, suffering, lost wages, disability, disfigurement, and bills for medical care and treatment. (See Exhibit "A", Count I, para. 10). Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002); *Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010), a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f)  This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a)*.

5.  Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

                Respectfully submitted,

                JOHNSON & BELL, LTD.

By: /s/Robert M. Burke
     One of the Attorneys for the Defendant,
     Target Corporation

Robert M. Burke
JOHNSON & BELL, LTD.
Attorneys for Defendant
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Lake County Attorney Code: 40505

Schippers

FILED
4/24/2018 9:44 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| NATALIE MILLER and STUART MILLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 18L311 |
| ) | |
| TARGET CORPORATION d/b/a ) | |
| TARGET STORES, a Minnesota Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

Plaintiffs, NATALIE MILLER and STUART MILLER, by their attorneys, David A. Axelrod & Associates, P.C., for their Complaint at Law against Defendant TARGET CORPORATION d/b/a TARGET STORES state as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiffs, NATALIE MILLER and STUART MILLER, resided at 1220 Park Avenue, Apt. 125, Highland Park, Lake County, Illinois, 60035.

2. At all times relevant herein, Defendant, TARGET CORPORATION d/b/a TARGET STORES ("TARGET"), was a Minnesota corporation that owned and operated a retail store located at 2099 Skokie Valley Road, Highland Park, Lake County, Illinois, 60035 (the "Store").

3. On December 10, 2017, NATALIE MILLER was a lawful guest at the Store.

4. On December 10, 2017, NATALIE MILLER was talking with a TARGET employee inside the Store near the east entrance of the Store when "Mark," a TARGET employee at the Store, lost control of the automatic cart collector causing it to violently collide with NATALIE MILLER. The collision caused NATALIE MILLER to lose consciousness and fall to the floor.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM C303 ON
07/17/2018 AT 9:00 AM A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

**EXHIBIT A**

5. As a direct and proximate result of the automatic cart collector colliding with her, NATALIE MILLER sustained severe and incapacitating injuries to her person, necessitating substantial medical treatment.

## COUNT I
## (NEGLIGENCE)
## (NATALIE MILLER v. TARGET)

6. Plaintiff NATALIE MILLER reasserts and realleges paragraphs 1- 5 of the General Allegations as her paragraph 6 of Count I as though fully set forth herein.

7. At all times relevant herein, TARGET, through its agents and employees, including, but not limited to "Mark," had a duty to exercise reasonable care to keep its patrons, including NATALIE MILLER safe. TARGET's duty extended to any persons lawfully on the premises, including NATALIE MILLER.

8. Notwithstanding its aforesaid duty, TARGET, through its agents and employees, carelessly and negligently committed one or more of the following wrongful acts or omissions:

    (a) Failed to properly train its employee "Mark" in the operation of the automatic cart collector;

    (b) Failed to operate the automatic cart collector in a reasonably safe manner; and/or,

    (c) Failed to operate the automatic cart collector in such a way as to prevent injury to those lawfully at the Store; and/or,

    (d) Failed to maintain control of the automatic cart collector.

9. As a direct and proximate result of one or more of the foregoing acts or omissions, NATALIE MILLER was injured and sustained damages as set forth herein.

10. As a direct and proximate result of one or more of the foregoing acts or omissions, NATALIE MILLER was caused to suffer serious injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff NATALIE MILLER demands judgment against Defendant TARGET CORPORATION d/b/a TARGET STORES, a Minnesota Corporation, in an amount in excess of $50,000.00, plus costs of suit.

## COUNT II
## LOSS OF CONSORTIUM
## (STUART MILLER v. TARGET)

11. Plaintiff STUART MILLER reasserts and realleges paragraphs 1- 5 of the General Allegations as his paragraph 11 of Count II as though fully set forth herein.

12. Prior to December 10, 2017, Plaintiffs NATALIE MILLER and STUART MILLER were lawfully married and enjoyed a normal wife and husband relationship.

13. From December 10, 2017 until the present time, Plaintiff STUART MILLER has been deprived of the companionship of Plaintiff NATALIE MILLER and the valuable services Plaintiff NATALIE MILLER would have performed for him had she not been injured by Defendant TARGET.

14. From December 10, 2017 until the present time, Plaintiffs NATALIE MILLER and STUART MILLER have been deprived of normal family relations with each other.

WHEREFORE, Plaintiff STUART MILLER demands judgment against Defendant TARGET CORPORATION d/b/a TARGET STORES, a Minnesota Corporation, in an amount in excess of $50,000.00, plus costs of suit.

3

NATALIE MILLER and STUART MILLER

By: _____
One of Plaintiffs' Attorneys

David A. Axelrod (ARDC No. 6187092)
Jason M. Kleinman (ARDC No. 6280376)
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 1800
Chicago, Illinois 60603
(312) 782-4600
(312) 782-3015 (Fax)
Email: daa@axelrodpc.com
       jkleinman@axelrodpc.com

4

FILED
4/24/2018 9:44 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

NATALIE MILLER and STUART MILLER )
                                         Plaintiff(s) )
            vs. )
                                                 )     Gen No: 18L311
TARGET CORPORATION d/b/a TARGET STORES )
                                         Defendant(s) )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000).

By

*[signature]*

Attorneys for Plaintiff

Prepared by:
Name: Jason M. Kleinman / David A. Axelrod & Associates, P.C.   Pro Se ☐
Address: 20 S. Clark Street, Suite 1800
City: Chicago    State: IL
Phone: 312-782-4600    Zip Code: 60603
ARDC #: 6280376
Fax: 312-782-3015
E-mail address: jkleinman@axelrodpc.com

#171-312 (Rev 12/17)

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

NATALIE MILLER and STUART MILLER )
)
)
)
)
)
_____ Plaintiff(s) )
vs. )
)
TARGET CORPORATION d/b/a TARGET STORES, a Minnesota Corporation )
)   Gen No: **18L311** _____
)
)
)
)
_____ Defendant(s) )

**SUMMONS**

To each defendant:  Target Corporation d/b/a Target Stores, c/o CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.    4/24/2018

WITNESS _____

*Erin Cartwright Weinstein*
ERIN CARTWRIGHT WEINSTEIN, Clerk of Court

Prepared by:
Name: Jason M. Kleinman / David A. Axelrod & Associates, P.C.      Pro Se ☐
Address: 20 S. Clark Street, Suite 1800

CH

City: Chicago        State: IL
Phone: 312-782-4600      Zip Code: 60603
ARDC #: 6280376
Fax: 312-782-3016
E-mail address: jkleinman@axelrodpc.com

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
7/17/2018 IN COURTROOM C303 ON
AT 9:00 AM A.M./P.M.

FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20_____ (to be inserted by officer on copy left with defendant or other person).

171-138 Rev 12/17


EXHIBIT B

5/3/2018                    000294130G0001                    6020180503003318

DIE DATE
05/17/2018

SERVICE INF
C/O CT COR

ATTACHED

DOC.TYPE: LAW
CASE NUMBER: 18L311
DEFENDANT
TARGET CORP
208 S LASALLE ST
CHICAGO, IL 60604
814

5/3/2018    000294130G0001    6020180503003318

SHERIFF'S FEES

( Service and return .................................................. $ _____
(
( Miles _____ ................:........................ $ _____
(
( Total ................................:.................................. $ _____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____
_____
_____
_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____
_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):

_____
_____
_____

_____ Sheriff of _____ County

By: _____
(Deputy)

171-138 Rev 12/17

No *Shepard's* Signal™
As of: March 20, 2018 2:22 PM Z

# *Varkalis v. Werner Co.*

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010,

Robert Burke



the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. See, e.g., Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. Mortgage Elec. Registration Sys. v. Rothman, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ad damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ad damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

"plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006)*. See also *RBC Mortgage Co., 274 F. Supp. 2d at 969* (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy, 226 F. Supp. 2d at 941* (the 30-day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7* ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also *Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)*(citing *Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)*("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. ²

## IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

End of Document

---

² The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

Robert Burke

Schippers

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| NATALIE MILLER and STUART MILLER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TARGET CORPORATION d/b/a ) <br> TARGET STORES, a Minnesota Corporation, ) <br> ) <br> Defendant. ) | No. 18L311 |

## COMPLAINT AT LAW

Plaintiffs, NATALIE MILLER and STUART MILLER, by their attorneys, David A. Axelrod & Associates, P.C., for their Complaint at Law against Defendant TARGET CORPORATION d/b/a TARGET STORES state as follows:

### GENERAL ALLEGATIONS

1. At all times relevant herein, Plaintiffs, NATALIE MILLER and STUART MILLER, resided at 1220 Park Avenue, Apt. 125, Highland Park, Lake County, Illinois, 60035.

2. At all times relevant herein, Defendant, TARGET CORPORATION d/b/a TARGET STORES ("TARGET"), was a Minnesota corporation that owned and operated a retail store located at 2099 Skokie Valley Road, Highland Park, Lake County, Illinois, 60035 (the "Store").

3. On December 10, 2017, NATALIE MILLER was a lawful guest at the Store.

4. On December 10, 2017, NATALIE MILLER was talking with a TARGET employee inside the Store near the east entrance of the Store when "Mark," a TARGET employee at the Store, lost control of the automatic cart collector causing it to violently collide with NATALIE MILLER. The collision caused NATALIE MILLER to lose consciousness and fall to the floor.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM C303 ON
07/17/2018 AT 9:00 AM A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

5. As a direct and proximate result of the automatic cart collector colliding with her, NATALIE MILLER sustained severe and incapacitating injuries to her person, necessitating substantial medical treatment.

## COUNT I
## (NEGLIGENCE)
## (NATALIE MILLER v. TARGET)

6. Plaintiff NATALIE MILLER reasserts and realleges paragraphs 1- 5 of the General Allegations as her paragraph 6 of Count I as though fully set forth herein.

7. At all times relevant herein, TARGET, through its agents and employees, including, but not limited to "Mark," had a duty to exercise reasonable care to keep its patrons, including NATALIE MILLER safe. TARGET's duty extended to any persons lawfully on the premises, including NATALIE MILLER.

8. Notwithstanding its aforesaid duty, TARGET, through its agents and employees, carelessly and negligently committed one or more of the following wrongful acts or omissions:

   (a) Failed to properly train its employee "Mark" in the operation of the automatic cart collector;

   (b) Failed to operate the automatic cart collector in a reasonably safe manner; and/or,

   (c) Failed to operate the automatic cart collector in such a way as to prevent injury to those lawfully at the Store; and/or,

   (d) Failed to maintain control of the automatic cart collector.

9. As a direct and proximate result of one or more of the foregoing acts or omissions, NATALIE MILLER was injured and sustained damages as set forth herein.

10. As a direct and proximate result of one or more of the foregoing acts or omissions, NATALIE MILLER was caused to suffer serious injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff NATALIE MILLER demands judgment against Defendant TARGET CORPORATION d/b/a TARGET STORES, a Minnesota Corporation, in an amount in excess of $50,000.00, plus costs of suit.

## COUNT II
## LOSS OF CONSORTIUM
## (STUART MILLER v. TARGET)

11. Plaintiff STUART MILLER reasserts and realleges paragraphs 1- 5 of the General Allegations as his paragraph 11 of Count II as though fully set forth herein.

12. Prior to December 10, 2017, Plaintiffs NATALIE MILLER and STUART MILLER were lawfully married and enjoyed a normal wife and husband relationship.

13. From December 10, 2017 until the present time, Plaintiff STUART MILLER has been deprived of the companionship of Plaintiff NATALIE MILLER and the valuable services Plaintiff NATALIE MILLER would have performed for him had she not been injured by Defendant TARGET.

14. From December 10, 2017 until the present time, Plaintiffs NATALIE MILLER and STUART MILLER have been deprived of normal family relations with each other.

WHEREFORE, Plaintiff STUART MILLER demands judgment against Defendant TARGET CORPORATION d/b/a TARGET STORES, a Minnesota Corporation, in an amount in excess of $50,000.00, plus costs of suit.

3

NATALIE MILLER and STUART MILLER

By: _____
One of Plaintiffs' Attorneys

David A. Axelrod (ARDC No. 6187092)
Jason M. Kleinman (ARDC No. 6280376)
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 1800
Chicago, Illinois 60603
(312) 782-4600
(312) 782-3015 (Fax)
Email: daa@axelrodpc.com
       jkleinman@axelrodpc.com

4

FILED
4/24/2018 9:44 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

NATALIE MILLER and STUART MILLER )
                                 Plaintiff(s) )
vs. )
                                 ) Gen No: 18L311
TARGET CORPORATION d/b/a TARGET STORES )
                                 Defendant(s) )

AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000).

By

*[signature]*

Attorneys for Plaintiff

Prepared by:
Name: Jason M. Kleinman / David A. Axelrod & Associates, P.C.    Pro Se ☐
Address: 20 S. Clark Street, Suite 1800
City: Chicago    State: IL
Phone: 312-782-4600    Zip Code: 60603
ARDC #: 6280376
Fax: 312-782-3015
E-mail address: jkleinman@axelrodpc.com

#171-312 (Rev 12/17)

5/3/2018      000294130G0001      6020180503003318