**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NATALIE MILLER** and **STUART MILLER**, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) Case No.: 2018 CV 3803 ) |
| **TARGET CORPORATION**, d/b/a **TARGET STORES**, | ) Judge: Judge Elaine E. Bucklo ) ) Magistrate Judge Michael T. Mason |
| Defendant. | ) |

**ANSWER TO PLAINTIFFS' COMPLAINT AT LAW**

**NOW COMES** Defendant, **TARGET CORPORATION**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiffs' Complaint at Law states the following:

**GENERAL ALLEGATIONS**

1. At all times relevant herein, Plaintiffs, Natalie Miller and Stuart Miller, resided at 1220 Park Avenue, Apt.125, Highland Park, Lake County, Illinois, 60035.

**Answer**: Target Corporation lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations contained in paragraph 1 of Plaintiff's Complaint at Law.

2. At all times relevant herein, Defendant, Target Corporation d/b/a Target Stores ("Target"), was a Minnesota corporation that owned and operated a retail store located at 2099 Skokie Valley Road, Highland Park, Lake County, Illinois, 60035 (the "Store).

**Answer**: Target Corporation admits the allegations contained in paragraph 2 of Plaintiff's Complaint at Law.

3. On December 10, 2017, Natalie Miller was a lawful guest at the store.

**Answer**: Target Corporation lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations contained in paragraph 3 of Plaintiff's Complaint at Law.

4. On December 10, 2017, Natalie Miller was talking with a Target employee inside the Store near the east entrance of the Store when "Mark", a Target employee at the Store, lost control of the automatic cart collector causing it to violently collide with Natalie Miller. The collision caused Natalie Miller to lose consciousness and fall to the floor.

**Answer**: Target Corporation admits that Plaintiff was standing near and inside the east entrance to the Target store on the date alleged and further admits that Plaintiff was talking with a Target employee. Target Corporation also admits that a store employee named "Mark" accidentally caused the cart mover to move forward, that it struck Plaintiff, and that she fell. Target Corporation denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint at Law.

5. As a direct and proximate result of the automatic cart collector colliding with her, Natalie Miller sustained severe and incapacitating injuries to her person, necessitating substantial medical treatment.

**Answer**: Target Corporation denies the allegations contained in paragraph 5 of Plaintiff's Complaint at Law.

## COUNT I

## (NEGLIGENCE)

## (NATALIE MILLER V. TARGET)

6. Plaintiff, Natalie Miller reasserts and realleges paragraphs 1 through 5 of the General Allegations as her paragraph 6 of Count I as though fully set forth herein.

**Answer**: Target Corporation restates and adopts its answers to paragraphs 1 through 5 above as its answer to paragraph 6 of Count I of Plaintiff's Complaint at Law.

7. At all times relevant herein, Target, through its agents and employees, including, but not limited to "Mark", had a duty to exercise reasonable care to keep its patrons, including Natalie Miller safe. Target's duty extended to any persons lawfully on the premises, including Natalie Miller.

**Answer**: Target Corporation states that its duty was that prescribed by the laws of the state of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

8. Notwithstanding its aforesaid duty, Target, through its agents and employees, carelessly and negligently committed one or more of the following wrongful acts or omissions:

(a) Failed to properly train its employee "Mark" in the operation of the automatic cart collector;

(b) Failed to operate the automatic cart collector in a reasonably safe manner; and/or

(c) Failed to operate the automatic cart collector in such a way as to prevent injury to those lawfully at the Store; and/or

(d) Failed to maintain control of the automatic cart collector.

**Answer**: Target Corporation denies the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint at Law, including each and every allegation contained in subparagraphs (a) through (d), inclusive.

9. As a direct and proximate result of one or more of the foregoing acts or omissions, Natalie Miller, was injured and sustained damages as set forth herein.

**Answer**: Target Corporation denies the allegations contained in paragraph 9 of Count I of Plaintiff's Complaint at Law.

10. As a direct and proximate result of one or more of the foregoing acts or omissions, Natalie Miller, was caused to suffer serious injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injures are permanent.

**Answer**: Target Corporation denies the allegations contained in paragraph 10 of Count I of Plaintiff's Complaint at Law.

**WHEREFORE** Defendant, **TARGET CORPORATION.**, denies that Plaintiff is entitled to judgment in the amount sought or in any sum whatsoever and further prays that judgment and costs of suit be entered in its favor and against Plaintiff.

## COUNT II

## (LOSS OF CONSORTIUM)

## (STUART MILLER V. TARGET)

11. Plaintiff, Stuart Miller reasserts and realleges paragraphs 1 through 5 of the General Allegations as his paragraph 11 of Count II as though fully set forth herein.

**Answer**: Target Corporation restates and adopts its answers to paragraphs 1 through 5 above as its answers to paragraph 11 of Count II of Plaintiff's Complaint at Law as though fully set forth herein.

12. Prior to December 10, 2017 Plaintiffs, Natalie Miller and Stuart Miller were lawfully married and enjoyed a normal wife and husband relationship.

**Answer**: Target Corporation lacks knowledge or information sufficient to form a belief about the truthfulness of the allegations contained in paragraph 12 of Count II of Plaintiff's Complaint at Law.

13. From December 10, 2017 until the present time, Plaintiff, Stuart Miller has been deprived of the companionship of Plaintiff, Natalie Miller and the valuable services Plaintiff, Natalie Miller would have performed for him had she not been injured by Defendant, Target.

**Answer**: Target Corporation denies the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint at Law.

14. From December 10, 2017 until the present time, Plaintiffs Natalie Miller and Stuart Miller have been deprived of normal family relations with each other.

**Answer**: Target Corporation denies the allegations contained in paragraph 14 of Count II of Plaintiff's Complaint at Law.

**WHEREFORE** Defendant, **TARGET CORPORATION.**, denies that Plaintiff is entitled to judgment in the amount sought or in any sum whatsoever and further prays that judgment and costs of suit be entered in its favor and against Plaintiff.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: Robert M. Burke
Robert M. Burke, one of the
Attorneys for Target Corporation

ROBERT M. BURKE, #6187403
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Burker@jbltd.com

5

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2018, I electronically filed the foregoing **Answer to Plaintiffs' Complaint at Law** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and that a copy of said motion was on the same date to be served upon all counsel of record by the same CM/ECF system.

                                                   /s/ Robert M. Burke